UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAIN STREET AMERICA ASSURANCE )
COMPANY,                      )
    Plaintiff               )
                              )
vs.                           )
                              )
THE NORFOLK COMPANIES, INC.   )
NORFOLK FACTORY DIRECT        ) Docket No.   1:19-cv-10323
KITCHEN & BATH OUTLET OF      )
NORWOOD INC., NORTHEAST       )
CABINET & COUNTERTOP          )
DISTRIBUTORS INC., NORFOLK    )
KITCHEN & BATH OF             )
MASSACHUSETTS, INC.,          )
and DAVID STERN,              )
    Defendants              )

**COMPLAINT AND JURY CLAIM OF PLAINTIFF,
MAIN STREET AMERICA ASSURANCE COMPANY**

**PARTIES**

1. The plaintiff, Main Street America Assurance Company ("MSA"), is organized under the laws of the State of Florida with its principal place of business in Jacksonville, Florida, and duly licensed to issue insurance policies in Massachusetts.

2. Upon information and belief, the defendant, The Norfolk Companies, Inc. f/k/a Norfolk Hardware, Inc., a/k/a Norfolk Hardware, Inc. d/b/a Norfolk Hardware & Home Center, is a Massachusetts corporation with a principal place of business in Braintree, Massachusetts.

3. Upon information and belief, the defendant, Norfolk Factory Direct Kitchen & Bath Outlet of Norwood, Inc., f/k/a Norfolk Factory Direct Kitchen & Bath Outlet, Inc.is a Massachusetts corporation with a principal place of business in Norwood, Massachusetts.

4. Upon information and belief, the defendant, Northeast Cabinet & Countertop Distributors, Inc., is a Massachusetts corporation with a principal place of business in Braintree, Massachusetts.

5. Upon information and belief, the defendant, Norfolk Kitchen & Bath of Massachusetts, Inc. f/k/a Norfolk Factory Direct Kitchen & Bath Cabinet Outlet, Inc.,

a/k/a Norfolk Factory Direct Kitchen and Bath Factory Outlet, Inc.is a Massachusetts corporation with a principal place of business in Braintree, Massachusetts.

6. Upon information and belief, the defendant, David Stern, is an individual who resides at 63 Gibbs Street, Brookline, Massachusetts.

## NATURE OF ACTION

7. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure in which the plaintiff, MSA, seeks a declaration of the rights and obligations of the parties under the provisions of a policy of insurance issued by MSA.

8. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that MSA and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

10. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all of the defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

11. The plaintiff, MSA, issued Business Owners Policy, policy number BPP1969L for the policy period January 4, 2013 to January 4, 2014 ("the Policy") to Norfolk Hardware, Inc., Norfolk Factory Direct Kitchen & Bath Outlet, Inc., Norfolk Factory Direct Kitchen & Bath Outlet of Norwood, Inc., and Northeast Cabinet & Countertop Distributors, Inc. ("the Norfolk Insureds"). The Policy sets forth the scope of liability coverage provided to the Norfolk Insureds.

12. The defendant, David Stern, filed a civil action against in Brighton District Court, *David Stern vs. Norfolk Hardware, Inc. d/b/a Norfolk Hardware and Home Center and Norfolk Factory Direct Kitchen and Bath Factory Outlet, Inc*., Civil Action No. 14-144 (hereinafter, the "Underlying Action."). A true and complete copy of the complaint in the Underlying Action is attached hereto as Exhibit 1.

13. The Underlying Action arises out of water damage allegedly caused by a leak under a kitchen sink at property owned by David Stern, located at 63 Gibbs Street, Brookline, Massachusetts ("the Property").

14. In his complaint in the Underlying Action, David Stern alleged that he retained Norfolk Hardware, Inc. d/b/a Norfolk Hardware and Home Center and Norfolk Factory Direct Kitchen and Bath Cabinet Outlet, Inc. (referenced in the caption of the complaint as "Norfolk Factory Direct Kitchen and Bath Factory Outlet, Inc.")

2

(collectively "the Norfolk Defendants") to perform kitchen renovations at the Property.

15. According to the complaint in the Underlying Action, the Norfolk Defendants were hired to remove laminate countertops, install granite countertops, plumbing and backsplashes, and replace a sink.

16. According to the complaint in the Underlying Action, the contract executed by David Stern and the Norfolk Defendants provided that the installation was guaranteed for one year and was to be completed in a workmanlike manner.

17. According to the complaint in the Underlying Action, the Norfolk Defendants "did not properly re-install the plumbing, which included the garbage disposal, to the sink." As a result, a leak developed and caused damage to the Property. David Stern claimed that the Norfolk Defendants refused to fully compensate him for the damages or to take any action under its warranty.

18. In his complaint in the Underlying Action, David Stern articulated six counts against the Norfolk Defendants:

    Count I: Breach of Contract
    Count II: Negligence
    Count III: Fraud
    Count IV: Breach of the Covenant of Good Faith and Fair Dealing
    Count V: Negligent Misrepresentation
    Count VI: Unfair and Deceptive Trade Practices: Ch. 93A

19. The Underlying Action was tried before a jury on May 16, 2016, with the Court (Myong J. Joun, J.) reserving the Chapter 93A count (Count VI).

20. The jury found in favor of David Stern on Counts I and II. The jury found for the Norfolk Defendants on Counts III, IV and V. On the negligence count (Count II), the jury also found 45% comparative negligence on the part of David Stern. The jury awarded damages of $23,000.

21. On October 24, 2016, Judge Joun issued the Court's Findings of Facts, Rulings of Law and Order for Entry of Final Judgment, relative to Count VI. A true and complete copy of the findings, rulings and order is attached hereto as Exhibit 2.

22. The Court found that David Stern contracted with the Norfolk Defendants to perform kitchen renovations, including replacement of the sink and "connecting the sink's existing garbage disposal to the plumbing system." The Court also noted the warranty language of the contract. The Court found that David Stern discovered the leak within the one year warranty period.

23. The Court ruled that there was "ample evidence to support the finding that the [Norfolk Defendants] knowingly and willingly refused to honor the warranty contained in the contract." The Court found that the Norfolk Defendants' "blind

3

refusal to honor the warranty was an unfair or deceptive act under c. 93A." David Stern was awarded attorney's fees. Because of the willful or knowing conduct of the Norfolk Defendants, the jury's award of damages was doubled.

24. On January 24, 2017, judgment entered against the Norfolk Defendants in the Underlying Action in the amount of $117,947.35.

25. The Norfolk Defendants appealed the jury verdict and Judge Myong's finding of Chapter 93A violations to the Appellate Division of the Boston Municipal Court.

26. On December 19, 2018, the Appellate Division of the Boston Municipal Court affirmed the judgments in the Underlying Action against the Norfolk Defendants both on the jury verdict and Chapter 93A count.

27. On January 16, 2019, the Norfolk Defendants filed a notice of appeal, further appealing the judgment in the Underlying Action to the Massachusetts Appeals Court.

## COUNT I

## DECLARATORY JUDGMENT

**(MSA v. All Defendants)**

28. The plaintiff, MSA, repeats and realleges the allegations set forth in paragraphs 1 through 27, above, and incorporates them herein.

29. The Policy provides:

  *A. Coverages*

   *1.  Business Liability*

      *a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply. . . .*

      *b.  This insurance applies:*
         *(1) To "bodily injury" and "property damage" only if:*
            *(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*

4

>> *(b) The "bodily injury" or "property damage" occurs during the policy period.*

30. The Policy also sets forth the following exclusions :

> B. *Exclusions*
>
>> 1. *Applicable To Business Liability Coverage*
>>
>>    *This insurance does not apply to:*
>>
>>    a. *Expected Or Intended Injury*
>>
>>    *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property*
>>
>>    . . .
>>
>>    b. *Contractual Liability*
>>
>>    *"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*
>>    *(1) That the insured would have in the absence of the contract or agreement; or*
>>    *(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*
>>    *(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*
>>    *(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.*
>>
>>    m. *Damage To Your Work*
>>    *"Property damage" to "your work" arising out of it or any part of it and included in the "products – completed operations hazard".*

5

> *This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*
>
> n. Damage To Impaired Property Or Property Not Physically Injured
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

31. The Policy provides the following definitions:

> 8. *"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:*
>
>    a. *It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or*
>    b. *You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by:*
>
>       (1) *The repair, replacement, adjustment or removal of "your product" or "your work"; or*
>       (2) *Your fulfilling the terms of the contract or agreement.*
>
> . . .
>
> 13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
>
> . . .
>
> 16. *"Products-completed operations hazard" includes:*
>
>     a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
>        (1) *Products that are still in your physical possession; or*
>
>        (2) *Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:*
>
>           (a) *When all of the work called for in your contract has been completed.*
>
>           (b) *When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.*

> *(c) When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.*
>
> *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*
>
> *The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.*

17. *"Property damage" means:*
    a. *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
    b. *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

 . . .

22. *"Your work":*

    a. *Means:*

       *(1) Work or operations performed by you or on your behalf; and*

       *(2) Materials, parts or equipment furnished in connection with such work or operations.*
    b. *Includes:*

       *(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and*

       *(2) The providing of or failure to provide warnings or instructions.*

32. The Policy also carries Endorsement **BP 0577 (1/06) – Fungi or Bacteria Exclusion (liability)** that adds the following exclusion:

    *t. Fungi Or Bacteria*

    *(1) "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.*

7

> *(2) Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.*
>
> *This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.*
>
> B. *The following definition is added Paragraph F. Liability And Medical Expenses Definitions:*
>
> *1. "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.*

33. Based upon the language of the Policy and the allegations contained in the Underlying Action, the Chapter 93A claims against the Norfolk Defendants, including the entirety of the claim articulated in Count VI of the complaint in the Underlying Action, do not fall within the coverage of the Policy.

34. Based upon the language of the Policy and the allegations contained in the Underlying Action, that amount of the judgment attributable to property damage which would not have occurred but for the existence of fungi does not fall within the coverage of the Policy.

WHEREFORE, the plaintiff, Main Street America Assurance Company, seeks a judgment pursuant to 28 U.S.C. § 2201:

1. Declaring and determining the rights and duties of the parties under the terms of the above-referenced insurance policy;

2. Declaring that there is no coverage under policy number BPP1969L issued to Norfolk Hardware, Inc., Norfolk Factory Direct Kitchen & Bath Outlet, Inc., Norfolk Factory Direct Kitchen & Bath Outlet of Norwood, Inc., and Northeast Cabinet & Countertop Distributors, Inc. for the damages alleged by David Stern in the Underlying Action;

3. Determining the rights and liabilities of each party in question;

4. Affording Main Street America Assurance Company such other relief as may be just and proper.

THE PLAINTIFF, MAIN STREET AMERICA ASSURANCE COMPANY, CLAIMS A JURY TRIAL ON ALL ISSUES.

                                      MAIN STREET AMERICA ASSURANCE COMPANY,

                                      */s/ Matthew Lindberg*

                                      _____

                                      Matthew G. Lindberg, Esquire (#633630)
                                      mlindberg@hassettanddonnelly.com
                                      Hassett & Donnelly, P.C.
                                      446 Main Street, 12th Floor
                                      Worcester, MA  01609
                                      (508) 791-6287

DATED:   February 20, 2019